# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Nicole C. Fondren, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| Zenith Financial Group, LLC, ) | |
| ) | |
| Sheriff Serve Registered Agent: ) | |
|    Earnest Earvin, IV ) | |
|    1634 Austin Meadows Dr. ) | |
|    Decatur, GA 30032 ) | |
| ) | |
| and ) | |
| ) | |
| Zenith Financial Group, LLC ) | |
| ) | |
| Sheriff Serve Registered Agent: ) | |
|    Luis Agramunt ) | |
|    1101 Brickell Ave., Ste. 801 ) | |
|    Miami, FL 33141 ) | |
| ) | |
|    Defendants. ) | |

## COMPLAINT

The Complaint of Plaintiff, Nicole C. Fondren, by her attorneys, Consumer Law Advocates and Mitchell B. Stoddard, is as follows:

### INTRODUCTION

1. This is an action for actual damages, statutory damages, court costs and attorney's fees brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("the FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over the Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has venue pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides in St. Louis County, Missouri and one or more debt communications were made with Plaintiff at her residence.

**PARTIES**

4. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. Defendants have the same name, Zenith Financial Group, LLC. Plaintiff was advised over the telephone by a debt collector that "Zenith Financial Group" is headquartered in Atlanta, GA. However, Plaintiff received a correspondence in the mail from "Zenith Financial Group," which had a telephone number with a Miami, FL area code. The correspondence otherwise had no address on it. (A copy of said correspondence is attached hereto and incorporated by reference as if fully set forth herein as Plaintiff's Exhibit 1). Plaintiff shall hereafter refer to Defendants as "Zenith Atlanta" and "Zenith Miami" accordingly.

6. Zenith Atlanta is a Georgia limited liability company in good standing that regularly attempts to collect consumer debts asserted to be due another. Zenith Atlanta is a "debt collector" within the meaning of the FDCPA.

7. Zenith Miami is a Florida limited liability company in good standing that regularly attempts to collect consumer debts asserted to be due another. Zenith Miami is a "debt collector" within the meaning of the FDCPA.

## STATEMENT OF FACTS

8.  In or around January 2010, Plaintiff took out a payday loan for $750.00 through a company called "Cash Jar."

9.  Plaintiff defaulted on the loan and it was subsequently assigned, and re-assigned to various debt collectors.

10. As of June 20, 2013, Plaintiff had previously paid close to $1,400.00 on the Cash Jar loan to Ross Klein Capital Management and Argus Alliance respectively, and believed the account had been paid off.

11. On June 20, 2013, Plaintiff received a telephone call from a representative of Zenith Atlanta or Zenith Miami, who identified herself as "Deputy Katrina Jones." Jones told Plaintiff she still owed $1,183.00 on the Cash Jar account.

12. Plaintiff told Jones the account had been paid off, and requested documentation from Jones to prove the validity of the debt.

13. Jones responded that Plaintiff could "go to jail for up to a year for writing a bad check," and that Zenith would report Plaintiff "to the County" for writing a bad check.

14. Plaintiff was not aware of any bad checks she had previously written on the Cash Jar account, and felt like Jones was trying to intimidate her. Plaintiff told Jones to provide her with proof of validly of the debt, and Jones said she would "get something out."

15. Plaintiff thereafter received a letter via e-mail from Zenith Atlanta or Zenith Miami (Plaintiff's Exhibit 1), dated June 24, 2013, seeking $1,980.00 to fully settle Plaintiff's alleged debt. The letter required Plaintiff to pay an additional $15.00 fee for "each payment."

**VIOLATION OF THE FDCPA**

16. In their attempt to collect an alleged debt from Plaintiff, Zenith Atlanta or Zenith Miami, or both, committed violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to wit:

    a. Defendants, through their agent Katrina Jones, used false, deceptive or misleading representations or means, in violation of 15 U.S.C. § 1692e(4), (5), (7) and (10), by telling Plaintiff she could go to jail for up to a year or be "reported to the County for writing a bad check," when there was no evidence Plaintiff had written a bad check;

    b. Defendants' agent and representative, Katrina Jones, falsely identified herself as "Deputy Jones," in violation of 15 U.S.C. § 1692e(1);

    c. Defendants used false, deceptive or misleading representations or means, in violation of 15 U.S.C. § 1692e(2)(A), by attempting to collect $1,980.00 from Plaintiff when Plaintiff did not owe this amount of money;

    d. Defendants used false, deceptive or misleading representations or means, in violation of 15 U.S.C. § 1692e(2)(B), by representing they were entitled to charge a $15.00 fee for each payment made by Plaintiff;

    e. Defendants used unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff, in violation of 15 U.S.C. § 1692f(1), by attempting to collect a $15.00 fee for each payment made by Plaintiff, when such fees was not expressly authorized by the agreement creating the debt or permitted by law.

17. As a direct and proximate result of Defendants' violation of the FDCPA, Plaintiff has suffered anxiety, stress, inconvenience, embarrassment, humiliation, loss of sleep, loss of appetite, nausea and emotional distress.

   **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

a. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

b. Actual damages in excess of $100,000.00; and

c. Such further equitable relief as the Court deems just.

/s/ Mitchell B. Stoddard
Mitchell B. Stoddard, #38311MO
Consumer Law Advocates
11330 Olive Boulevard, Suite 222
St. Louis, Missouri 63141
(314) 692-2001 *tel*
(314) 692-2002 *fax*
E-Mail: mbs@clalaw.com

Attorneys for Plaintiff